IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.   No. 2:17-CR-02141-WJ

MATTHEW RAY VALENZUELA,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

THIS MATTER comes before the Court upon Defendant Matthew Ray Valenzuela's *pro se* Motion for Compassionate Release (Doc. 50) ("Motion"). The Court, having reviewed the Motion and the applicable law, finds the Motion should be denied.

### BACKGROUND

This is Defendant's second motion for compassionate release. In 2017, Defendant pleaded guilty to five counts relating to methamphetamine trafficking. (Doc. 35). He was sentenced to a total term of 120 months imprisonment followed by four years under supervised release. (Doc. 35). Defendant filed his first motion for compassionate release on October 15, 2020 while incarcerated at FCI Big Springs, a facility operated by the Federal Bureau of Prisons ("BOP"). (Doc. 36, 37). Defendant argued that a reduction in his sentence was warranted due to the COVID-19 pandemic and its interactions with his general health and living conditions at FCI Big Springs. (Doc. 37 at 1, 7-17). The Court concluded that there were no extraordinary or compelling reasons that warranted reduction in his sentence and denied his first motion for compassionate release. (Doc. 40).

Defendant filed his instant Motion for compassionate release on April 15, 2022. (Doc. 50). He is now incarcerated at FPC La Tuna. Doc. 50 at 1. He again contends that his underlying health conditions place him at highest risk for potentially fatal COVID outcomes. (Doc. 50 at 3). He seeks a reduction in his sentence based on his claimed health conditions and concerns regarding COVID. (Doc. 50).[1]

**1. Standards for Compassionate Release.**

Title 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, allows a federal prisoner to file a motion for compassionate release in the district court after exhausting BOP administrative remedies. *See United States v. Maumau*, 993 F.3d 821, 830-31 (10th Cir. 2021). The district court may grant a motion for compassionate release only when the court finds: (1) extraordinary and compelling reasons justify release; (2) release is consistent with applicable policy statements issued by the Sentencing Commission; and (3) release is warranted after considering the applicable § 3553(a) factors. *Id.* at 831; *see also* 18 U.S.C. § 3582(c)(1)(A).

A district court "may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking." *Maumau*, 993 F.3d at 831 n.4 (quotations omitted); *see also United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021). Some courts have held that because the United States Sentencing Commission "has been unable to comply with its statutory duty of promulgating a post-First Step Act policy statement," "the Sentencing Commission's existing policy statement[s are] applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants." *See id.* at 1050.

---

[1] There are references in Valenzuela's filings to a request for release to home confinement. (Doc. 50 at 7; Doc. 56 at 11). However, Valenzuela's Reply makes clear that he is asking this Court for a sentence reduction and not for release to home confinement. (Doc. 56 at 3).

Thus, there are no applicable policy statements under the second prerequisite and a district court is permitted to consider only the first and third prerequisites under § 3582(c)(1)(A) in deciding a prisoner's motion for compassionate release. *McGee*, 922 F.3d at 1050. In this case, even if the Court were to consider all three prerequisites, including the Sentencing Commission's policy statements, the absence of extraordinary and compelling reasons precludes any reduction in Defendant's sentence. *Id.* 1043. Therefore, the Court will address only the exhaustion requirement and the extraordinary and compelling reasons prerequisite.

**2. Exhaustion of BOP Administrative Remedies.**

As amended by the First Step Act of 2018, Pub. Law 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), § 3582(c)(1)(A) permits courts to consider motions filed by the defendant if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Although the record in this case is inconclusive, for the second time the Court will give Defendant the benefit of the doubt that he met the exhaustion requirement of § 3582(c)(1)(A) before filing his second Motion for compassionate release.[2]

Defendant's Motion contends that he exhausted his administrative remedies. (Doc. 50 at 1). He states that "[m]ore than 30 days have passed since Valenzuela's petitioned Warden Hijar for compassionate release. She has failed to respond to Valenzuela's petition within this 30 day period." (Doc. 50 at 1). The Motion was filed on April 15, 2022. (Doc. 50 at 1). In its Response, the United States contends that Defendant has not exhausted his administrative remedies. (Doc.

---

[2] The record was similarly inconclusive on whether Defendant exhausted his BOP remedies prior to filing his first motion for compassionate release, and the Court gave him the benefit of the doubt in ruling on the first motion. (Doc. 40 at 2-4).

54).  An e-mail string attached to the Response indicates that the BOP has no record of any request for compassionate release from Valenzuela.  (Doc. 54-1 at 1).

Defendant Valenzuela's Motion attaches a copy of what appears to be a computer system printout from TRULINCS 90399051 dated March 8, 2022.  (Doc. 50 at 5).  It recites that it was "DELIVERED VIA The U.S. PRISON MAIL SYSTEM AT LA TUNA," is addressed to "Mr. M. Palacios, Acting Camp Administrator, FPC at La Tuna, P.O. Box 1000, Anthony, New Mexico 88021," and indicates "Cc: Warden Sandra Hijar" at the bottom.  (Doc. 50 at 5, 7). However, Valenzuela's Motion states:

> The petition was transmitted to Warden Hijar via electronic messaging to Mr. M. Palacios, the Acting Camp Administrator.  Warden Hijar does not have an email address that is accessible by inmates at the prison camp.  Emails addressed to Warden Hijar are delivered to her by senior staff members . . ."

(Doc. 50 at 1). Attached to Defendant's Reply is a response from S. Hijar, Warden, dated April 19, 2022, denying Valenzuela's request for compassionate release. (Doc. 56 at 10).  The Warden's response advises Valenzuela that he may appeal the decision via the administrative remedy process within 20 days of receipt of the response.  (Doc. 56 at 10).

Although the Warden's response is dated more than 30 days after the March 8, 2022 date when Valenzuela contends the request was sent, the statutory time is calculated from the *receipt of such a request by the warden*. § 3582(c)(1)(A) (emphasis added). There is nothing in the record establishing when Warden Hijar actually *received* Valenzuela's request for compassionate release. Defendant Valenzuela's second Motion for compassionate release was filed in this Court four days before the April 19, 2022 response by the Warden, but it is unclear whether 30 days had passed from receipt of the request by the Warden at the time he filed the motion.

4

Alternatively, the exhaustion requirement may be met by pursuing "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." § 3582(c)(1)(A). The Warden's response advises Valenzuela that he may appeal the Warden's decision within 20 days receipt of the response. (Doc. 56 at 10). The record does not show whether Valenzuela did exhaust by appealing the Warden's response, and it appears from his reply that he considered any such appeal to be "futile." (Doc. 56 at 3). Further, even if he had appealed, he filed his second Motion for compassionate release before he could have pursued that administrative appeal remedy and the exhaustion requirement of § 3582(c)(1)(A) would still not be met.

On the record, it is questionable whether Defendant Valenzuela met the exhaustion requirements of § 3582(c)(1)(A) prior to filing his second Motion for compassionate release and the Court is unable to definitively determine whether Valenzuela exhausted his administrative remedies. However, because Defendant fails to present extraordinary and compelling reasons, the Court will again give Defendant the benefit of the doubt on the exhaustion question and will reach the merits of his request for compassionate release.

**3. Absence of Extraordinary and Compelling Reasons.**

Defendant Valenzuela alleges three facts he claims establish extraordinary and compelling reasons for his compassionate release:

> "First, Valenzuela suffers from underlying health conditions that pose a danger to his health. He suffers from hepatitis C, GERD, hypertension, among other serious health issues.
>
> Valenzuela is a Care Level II inmate. His medical records from La Tuna's Health Services Department document the chronic medical conditions that make Valenzuela vulnerable to serious illness and/or death in the current COVID-19 environment. His medical conditions are debilitating.
>
> Valenzuela is not able to administer any level of self-care that it would reverse his debilitating medical conditions. All of these conditions are recognized by the Center for Disease Control and Prevention ('CDC') as underlying conditions

that place Valenzuela in the highest at-risk category for COVID, 'Long-COVID,' 'Breakthrough COVID,' and various COVID variants, all of which could result in potentially fatal outcomes."

(Doc. 50 at 2-3, ¶¶ 20, 21, 22).

In his first motion for compassionate release, Valenzuela argued that he had tested positive for COVID-19, and, except for hypertension, Valenzuela raised the same health conditions as compelling reasons for a sentence reduction. (Doc. 37 at 5). The Court concluded that his health conditions and concerns about COVID-19 were insufficient to establish extraordinary and compelling reasons for a reduction in his sentence. (Doc. 40 at 4-7). The Court found:

> "Defendant's ongoing receipt of medical care, as demonstrated by his description of testing and quarantine accommodations, as well as the recent medical records attached to his motion, evidences that he is able to care for his symptoms within prison. *See* Doc. 37.[3] Because Defendant is generally healthy and cannot show any medical condition or circumstance that would meet the Sentencing Commission's criteria, the Court cannot identify any "extraordinary and compelling reason" warranting a sentence reduction under § 3582(c)(1)(A)."

(Doc. 40 at 7).

In his second Motion, Valenzuela does not contend that he has again tested positive for or contracted another case of COVID-19. Instead, he expresses concerns that his health conditions place him at greater risk for complications from COVID including long-COVID, breakthrough-COVID, and COVID variants. (Doc. 50 at 2-3, ¶¶ 20, 21, 22). However, Valenzuela's Motion presents no new medical evidence to support his concerns that he is now at greater risk for serious or fatal outcomes due to COVID-19 due to his health conditions. Further, the Warden's response states that "you received the second dose of the Moderna COVID-19 vaccination on March 9,

---

[3] Since it contains private health information and medical records, access to Defendant's first motion for compassionate release is limited to case participants. (Doc. 37).

2022," establishing that ongoing medical care is being provided to Valenzuela by the BOP. (Doc. 56 at 10).

The Court concludes that Defendant Valenzuela has again failed to demonstrate the existence of extraordinary and compelling reasons justifying his release as required by § 3582(c)(1)(A)(i). Therefore, it is unnecessary for the Court to address the Sentencing Commission policy statements or the § 3553(a) factors and the Court will deny Defendant Valenzuela's second Motion for compassionate release. *Maumau*, 993 F.3d at 830-31. The Court also notes that it has effectively provided the relief requested in the USA's Motion for Extension of Time (Doc. 52) and Defendant's Motion for Update Regarding Extension of Time (Doc. 55) and those motions are deemed granted.

## CONCLUSION

**THEREFORE,** for the reasons explained above, the Motion for Extension of Time (Doc. 52) and Motion for Update Regarding Extension of Time (Doc. 55) are **GRANTED** and Defendant Matthew Ray Valenzuela's Motion for Compassionate Release (Doc. 50) is **DENIED**.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE